## HOUSEMAN *v.* CHASE *et al.*

A party in possession of public land, claiming title to it, must be presumed to be the owner of it, and can mortgage it. Where another party enters under, and in privity with the title of the mortgagor, he will not be allowed to defeat the mortgage upon the ground that the same was not executed in pursuance of the Statute concerning Chattel Mortgages.

APPEAL from the Fourteenth District, County of Sierra.

A statement of facts appears in the opinion of the Court.

*Meredith & Hawley* for Appellants.

I. Upon the pleadings and proof in this cause, as well as on the facts found, plaintiff, Houseman, was by law entitled to the judgment and relief prayed for, and the Court below erred in rendering judgment for a sum of money only, against defendant Keller, and refusing a decree of foreclosure as against said Keller and said defendants, Chase and Chase. Hutchinson *v.* Perley, 4 Cal. R. 33; Winans *v.* Christy, 4 Cal. R. 70; Plume *v.* Seaward, 4 Cal. R. 94; Richards *v.* Williams, 7 Wheat. R. 59; Elridge *v.* Knolt, Cons. R. 102, 215; Pongar *v.* Weaver, 6 Cal. R. 548; Act Concerning Conveyances, Wood's Dig., p. 100; Act in Relation to Personal Mortgages, Wood's Dig., p. 108; Merrill *v.* Gorham, 6 Cal. R. 462.

*W. W. Upton* for Respondent.

TERRY, C. J., delivered the opinion of the Court—BALDWIN, J., concurring.

This was a proceeding to foreclose a mortgage upon certain land in Nevada county, given by one Keller to plaintiff, which mortgage was duly acknowledged and recorded in the proper county.

Defendant, Chase, who was the vendee of Keller, set up, by way of defense, that the land described in the mortgage was public land of the United States, and that the mortgage not having been executed in accordance with the Statute concerning Chattel Mortgages, is void as to defendant, who was a purchaser without actual notice.

The Court gave judgment against Keller for the sum mentioned in the note, but refused to decree a foreclosure of the mortgage, and plaintiff appeals.

At the time of the execution of the mortgage, Keller was in possession of the property claiming title, and must be presumed to have been the owner of it. The defendant, Chase, having entered under Keller, and in privity with his title, cannot be allowed to dispute it in this action. The mortgage from Keller was duly acknowledged and recorded, and Chase must be deemed a purchaser with notice.

It follows that the judgment of the Court below is erroneous, and it is reversed and the cause remanded, with direction to enter a decree foreclosing plaintiff's mortgage, and ordering the premises to be sold to satisfy the same.